# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2008

Charles R. Fulbruge III
Clerk

No. 08-50027
Summary Calendar

DENISE MCVEA

Plaintiff-Appellant

v.

JAMES CRISP

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-353

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Denise McVea moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of her defamation suit against James Crisp under FED. R. CIV. P. 12(b)(6) for failure to state a claim. The district court denied McVea's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. McVea's IFP motion is a challenge to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's certification that her appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1992).

McVea argues that the district court erred in dismissing her complaint because the statements made by Crisp were reasonably capable of defamatory meaning and were not protected speech. She also contends that the district court erred in considering irrelevant mitigating factors and in denying her request to amend the complaint. However, McVea does not show how the information she wished to include in her complaint would have altered the district court's decision.

When read in response to McVea's internet posting on a third party's research of a Texas historical subject and considering the debate surrounding this subject, a person of ordinary intelligence would not find Crisp's words reasonably capable of defamatory meaning. See Musser v. Smith Protective Services, Inc., 723 S.W.2d 653, 654-55 (Tex. 1987). McVea also fails to present a nonfrivolous argument regarding the district court's consideration of mitigating factors. Under Texas law, the district court was required to examine all the surrounding circumstances. See Musser, 723 S.W.2d at 655.

McVea has not shown that she will present a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave for IFP is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.